**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY LOWE, individually and on behalf of all individuals of the class similarly situated,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>TRINITY UNIVERSAL INSURANCE COMPANY,<br><br>       Defendant - Appellee. | No. 13-35620<br><br>D.C. No. 2:13-cv-00008-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted June 4, 2015[**]
Seattle, Washington

Before: O'SCANNLAIN, EBEL[***], and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Gary Lowe appeals from the district court's grant of Trinity Universal Insurance Company's ("Trinity") motion to dismiss for failure to state a claim.

I

Montana law permits insurers to prohibit the stacking of insurance coverage limits[1]—regardless of the number of vehicles covered—if the premium rates (i) have been filed with the insurance commissioner and (ii) "actuarially reflect the limiting of coverage separately to the vehicles covered by the policy." Mont. Code Ann. § 33–23–203(1)(c).

In *Parish v. Morris*, 278 P.3d 1015 (Mont. 2012), the Montana Supreme Court upheld an anti-stacking provision nearly identical to the one in Trinity's policy at issue here. *Id.* at 1016–17, 1020. Specifically, the Court found that the anti-stacking provision complied with the actuarial requirement of § 33–23–203(1)(c) because the insureds paid only one premium for underinsured motorist coverage, regardless of the number of vehicles covered by the policy. *Id.* at 1019.

---

[1]To "stack" means to add the coverage limit of one vehicle to the coverage limit of another vehicle. For instance, if the policy's stated coverage limit is $5,000 and the insured has two cars covered by the policy, stacking would permit the insured to recover up to $10,000. *See Parish v. Morris*, 278 P.3d 1015, 1017 n.1 (Mont. 2012).

Here, Trinity's policy included an anti-stacking provision and charged Lowe one premium for medical coverage, regardless of the number of vehicles covered by the policy. Thus, under *Parish*, the anti-stacking provision in Trinity's policy met the actuarial requirement of § 33–23–203(1)(c). As it is undisputed that Trinity filed its rates with the commissioner, the policy's anti-stacking provision is valid under the statute. Thus, the district court did not err in granting Trinity's motion to dismiss. *See Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (noting that "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief" (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

## II

Lowe filed a motion to certify two questions to the Montana Supreme Court.

First, Lowe requests certification as to the validity of the anti-stacking provision. Because Mont. Code Ann. § 33–23–203(1)(c) and *Parish* establish that an anti-stacking provision is valid under Montana law when the rates have been filed with the insurance commissioner and the insurer charges only one premium regardless of the number of vehicles covered by the policy, certification would be inappropriate. Mont. R. App. P. 15(3)(b).

3

Second, Lowe requests certification as to whether the filed rate doctrine applies. Because the district court expressly declined to apply the filed rate doctrine when evaluating the validity of the anti-stacking provision, certification to the Montana Supreme Court would similarly be inappropriate. Mont. R. App. P. 15(3)(a).

## III

The district court's judgment granting Trinity's motion to dismiss is

**AFFIRMED**.[2]

---

[2]Lowe's motion to certify questions to the Montana Supreme Court, filed on October 21, 2013, is denied as moot.